JEUMONT SCHNEIDER TRANSFORMATEURS, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ABB POWER T&D CO., INC., DEFENDANT-INTERVENOR

Court No. 93–09–00646

(Dated September 1, 1994)

*Wilmer, Cutler & Pickering (John D. Greenwald* and *Ronald I. Meltzer)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(A. David Lafer* and *John C. Erickson III), Boguslawa B. Thoemmes,* Attorney Advisor, United States Department of Commerce, of counsel, for defendant.
*Steptoe & Johnson (Richard O. Cunningham* and *Eric C. Emerson)* for defendant-intervenor.

### OPINION

RESTANI, *Judge:* This action was remanded to the United States Department of Commerce to consider which antidumping deposit rate

should be applied to a new shipper of merchandise subject to an outstanding antidumping order. *See Jeumont Schneider Transformateurs v. United States,* Slip Op. 94–63 (Apr. 20, 1994) *("Jeumont I").*[1] A complicating factor was a change in the "all others" deposit rate for the product at issue, occasioned by court decisions that invalidated use of a unitary "all others" duty deposit rate based on a new shipper rate which differed from the "all others" rate for "old shippers." *See Floral Trade Council v. United States,* 822 F. Supp. 766, 771 (Ct. Int'l Trade 1993); *Federal-Mogul Corp. v. United States,* 822 F. Supp. 782, 788 (Ct. Int'l Trade 1993). Under these decisions 1,all others" rates for "old shippers" continue to apply until they are specifically reviewed.

Commerce chose to implement *Floral Trade* and *Federal-Mogul* by adopting a unitary rate based on the "all others" rate for "old shippers," instead of utilizing a multi-tiered "all others" rate based on date of entry, as Commerce had done in years past. This is explained in detail in *Jeumont I.* Because the new rate structure resulted in a change in deposit rates for plaintiff and was not dictated by statute or regulation, the case was remanded for plaintiff to demonstrate that in light of its unique circumstances it should receive the benefit of a multi-tiered rate structure. The remand also provided an opportunity for Commerce to consider plaintiff's arguments before selecting a rate to be applied to plaintiff's entries.

Commerce indicates that imposition of the multi-tiered rate for the product at issue would involve some difficulties for Customs, even though the number of shippers is small. Plaintiff has not demonstrated that this assertion is incorrect. As no one has convinced the court, however, that administration of a multi-tiered system for this product would be impossible, or nearly so, the court is most concerned with what prejudice plaintiff faces as a result of the abrupt change in rates to the "old shipper" rate allowed, but not mandated, for new shippers such as plaintiff. *See Floral Trade,* 822 F. Supp. at 771; *Federal-Mogul,* 822 F. Supp. at 788; and *Jeumont I,* Slip Op. 94–63.

First, plaintiff has now requested a specific review of its entries. Thus plaintiff will receive a rate based on its own data and not simply the stale "all others" rate for "old shippers" dating back to the 1970s. *See Jeumont I,* Slip Op. 94–63, at 5 n.2. Second, plaintiff's first set of entries has been liquidated at the rate of 1.82 percent (based on the invalidated new shipper unitary rate). *See Jeumont Schneider Transformateurs v. United States,* Slip Op. 94–114 (July 8, 1994). Third, if specific financial harm to plaintiff was occasioned by the change in deposit rate, which can also be remedied by this action, it has not been demonstrated to the court. It is true that plaintiff is enduring an unpleasant 24 percent deposit rate (unpleasant at least in comparison to a 1.82 percent rate), but the court is unaware of what impact that has had on plaintiff. Fur-

---

[1] The administrative decision at issue, made pursuant to 19 U.S.C. § 1675, is *Large Power Transformers from France,* 58 Fed. Reg. 44,497 (Dep't Commerce 1993) (final admin. review).

thermore, as a result of the requested review, the 24 percent rate should soon be replaced by a rate specific to plaintiff. If the 24 percent rate is too high, plaintiff will receive refunds with interest. 19 U.S.C. § 1673f(b) (1988).

Based on the foregoing the court cannot conclude that Commerce has abused its discretion to applying the unitary "old shipper" deposit rate to plaintiff.